# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DAVID LEE RICE**                                                                            **PETITIONER**

**v.**                                                                           **No. 4:15CV126-SA-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                                              **RESPONDENT**

## ORDER TRANSFERRING CASE TO THE
## FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. David Lee Rice has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted in the Circuit Court of Sunflower County, Mississippi, for burglary of an automobile on June 14, 1996. He has filed at least one other unsuccessful 2254 motion concerning the same conviction which he now seeks to challenge. *Rice v. Sparkman*, 4:01CV3012-GHD-EMB (dismissed with prejudice as untimely filed May 7, 2002), *Rice v. King*, 4:06MC3-GHD (denied as successive, April 17, 2006), *Rice v. Caskey*, 4:09CV130-WAP-DAS (denied as successive January 19, 2010). The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED.**

**SO ORDERED**, this, the 8th day of October, 2015.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**