IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DAVID LEE RICE** **PETITIONER**

**v.** **No. 4:15CV126-SA-DAS**

**STATE OF MISSISSIPPI, ET AL.** **RESPONDENTS**

### ORDER CONSTRUING MOTION AS SECOND OR SUCCESSIVE PETITION; TRANSFERRING CASE TO THE FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the motion by the petitioner for relief from judgment, which the court will construe as a second or successive petition for a writ of *habeas corpus*. David Lee Rice was convicted in the Circuit Court of Sunflower County, Mississippi, for burglary of an automobile on June 14, 1996. He later filed the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in this case. The court found it to be successive[1] and transferred the petition to the Fifth Circuit Court of Appeals on October 8, 2015.

The petitioner has now filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) – in which he sets forth substantive claims for *habeas corpus* relief. The court must construe such a motion as a second or successive petition for a writ of *habeas corpus*. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-532, 125 S.Ct. 2641 (2005). The Antiterrorism and Effective Death Penalty Act requires that, before a district court files a second or successive petition for a writ of *habeas corpus*, "the applicant shall move in the appropriate court of appeals

---

[1] Mr. Rice has filed several *habeas corpus* petitions before this one: *Rice v. Sparkman*, 4:01CV3012-GHD-EMB (dismissed with prejudice as untimely filed May 7, 2002), *Rice v. King*, 4:06MC3-GHD (denied as successive, April 17, 2006), *Rice v. Caskey*, 4:09CV130-WAP-DAS (denied as successive January 19, 2010).

for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The petitioner has not obtained such an order. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) This case is **CLOSED.**

**SO ORDERED**, this, the 2nd day of September, 2022.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE